**S. BRETT SUTTON 143107**
**JARED HAGUE 251517**
**JOSEPH V. MACIAS 273168**
**SUTTON HAGUE LAW CORPORATION**
6715 North Palm Ave., Suite 216
Fresno, CA 93704
Telephone:     (559) 325-0500
Facsimile:      (559) 981-1217
Attorney for Plaintiff/Counter-Defendants
 Deerpoint Group, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deerpoint Group, Inc., an Illinois Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> Acqua Concepts, Inc. (DBA Ag Water Chemical of California), a California Corporation; Mr. Andres Barrera, an Individual; Mr. Eduardo Erenas, an Individual; and Does 1-10. <br><br> Defendants. <br><br> Acqua Concepts, Inc. (DBA Ag Water Chemical of California), a California Corporation, <br><br> Counterclaimant <br><br> vs. <br><br> Deerpoint Group, Inc., an Illinois Corporation, and Does 1-10, <br><br> Counter-Defendants | Case No. 1:14-cv-01503 <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS  FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** <br> **(FRCP 12(b)(6))** <br><br> **Date:         December 17, 2014** <br> **Time:         9:30 a.m.** <br> **Court Room: 9** <br> **Judge:        Hon. Stanley A. Boone** |

Pursuant to Federal Rule of Civil Procedure ("FRCP") 12 (b)(6) Plaintiff DEERPOINT

GROUP, INC.., (referred to herein as "Deerpoint" or "Plaintiff") respectfully submits this

Memorandum of Points and Authorities in Support of its Motion to Dismiss Defendant Acqua

Concepts, Inc. (referred to herein as "Acqua" or "Defendant")'s Counterclaim, for failure to state

a claim upon which relief can be granted.

SUTTON HAGUE LAW
CORPORATION
6715 NORTH PALM AVE
SUITE 216
FRESNO, CA 93704

# I.

## INTRODUCTION

On October 25, 2014, Defendant Acqua Concepts, Inc. filed its Counterclaim for Declaratory Judgment of Invalidity and Noninfrigement (hereinafter "Counterclaim"). Defendant's Counterclaim seeks equitable remedies including declaratory relief finding the patents invalid and a preliminary injunction enjoining Plaintiff from pursuing this litigation. In support of its Counterclaim, Acqua makes sixteen conclusory statements without any factual allegations. Defendant's conclusory statements fail to provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' " consistent with Federal Rules of Civil Procedure ("F.R.C.P."), Rule 8(a)(2). *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff respectfully requests the Court to dismiss Defendant's Counterclaim.

# II.

## LEGAL ARGUMENT

### A.    THE COURT SHOULD DISMISS DEFENDANT'S COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

In support of its Counterclaim, Defendant offers sixteen boilerplate statements as a basis for its Counterclaim. However, the allegations set forth in Defendant's Counterclaim are insufficient to support the relief requested. Defendant must provide facts that "outline or adumbrate" a viable claim for relief, not mere boilerplate sketching out the elements of a cause of action. *Sutliff, Inc. v. Donovan Companies, Inc.*, 727 F.2d 648, 654 (7th Cir.1984). Defendant's Counterclaim is subject to the same requirements as a Complaint, including the requirement that the claim show "the pleader is entitled to relief." *See* F.R.C.P. 8(a)(2); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F3d 435, 440 (4th Cir. 2011). Defendant must provide "factual allegations" that "raise a right to relief above the speculative level" to the "plausible" level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). While pleading conclusory allegations is not specifically prohibited, "(w)ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* Legal

SUTTON HAGUE LAW
CORPORATION
6715 NORTH PALM AVE
SUITE 216
FRESNO, CA 93704

conclusions couched as factual allegations, or inferences that are unsupported by the facts set out in the counterclaim need not be accepted as true. *See O'Bryan v. Holy See*, 556 F.3d 361 (2009).

In ¶ 9(a), Defendant alleges that "(b)y reason of the proceedings in the Patent Office during the prosecution of the application which resulted in the 573 Patent and the 064 Patent as shown by the file wrappers thereof, counter-defendant Deerpoint is estopped to claim for said patents a construction that would cause the 573 Patent or the 064 Patent to cover or include any apparatus or device or product or method manufactured, used, or sold by counterclaimant Ag Water Chemical." This conclusory statement does not allege any facts to support a conclusion that the proceedings in the Patent Office should estop Deerpoint. The failure to allege any supporting facts does not meet the minimum pleading requirements as set forth in *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007).

In ¶ 9(b) Defendant alleges that "patentees did not invent the subject matter patented, nor did they make any invention or discovery - novel, original, or otherwise." However, Defendant does not allege any facts supporting this conclusion. Merely stating the conclusion that "patentee did not invent the subject matter patented" need not be accepted as true as it is unsupported by the facts set out in the pleading. *See O'Bryan v. Holly See*, 556 F.3d 361 (2009).

In ¶ 9(c) Defendant alleges that the "alleged inventions were made by another in this country before the patentees' alleged inventions, and such other person(s) had not abandoned, suppressed, or concealed them." However, Defendant does not allege any facts suggesting that the inventions were made by someone else. Defendant's legal conclusion couched as a factual allegation need not be accepted as true. *See O'Bryan v. Holy See*, 556 F.3d 361 (2009).

In ¶ 9(d) Defendant alleges that "(n)ew matter was introduced into the disclosure and/or claims during the prosecution of the applications for each of the 573 Patent and the 064 Patent." However, Defendant has not alleged what "new matter was introduced into the disclosure and/or claims during the prosecution" of each patent so as to put Plaintiff on fair notice of the nature of the claim and the grounds upon which the claim rests as required by *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007).

/ / /

SUTTON HAGUE LAW
CORPORATION
6715 NORTH PALM AVE
SUITE 216
FRESNO, CA 93704

In ¶ 9(e) Defendant alleges that the "claims of each of the 573 Patent and/or the 064 Patent do not particularly point out nor distinctly claim the part, improvement, method, steps, and/or combinations which the patentees claim as their inventions, as required by Title 35, United States Code." In ¶ 9(f) Defendant alleges that the "specifications for each of the 573 Patent and/or the 064 Patent do not contain written descriptions of the inventions and of the manner and process of making and using them, in such full, clear, concise, and exact terms as to enable any person skilled in the art or science to which they pertain, or with which they are most nearly connected, to make, construct, compound, and/or use the same, and the descriptions do not adequately explain the principle or the best mode in which the patentees contemplated applying those principles so as to distinguish them from other inventions, as required by Title 35, United States Code." In ¶ 9(g) Defendant alleges that the "claims of each of the 573 Patent and/or the 064 Patent are not directed to patentable combinations, but are directed to mere aggregations of parts or steps, means, or elements which were matters of common knowledge in the art to which each of the 573 Patent and/or the 064 Patent relate before the alleged inventions and more than one year prior to the date of the applications for the 573 Patent and/or the 064 Patent." In ¶ 9(h) Defendant alleges that the "structures and/or combinations and/or methods disclosed in each of the 573 Patent and/or the 064 Patent are inoperative and incapable of accomplishing the intended result, and are not useful within the meaning and requirements of Title 35, United States Code." These allegations merely state the requirement set forth in Title 35, U.S.C. and the conclusion that Defendant has failed to meet those requirements. Defendant does not allege which any specificity which portion of the patent or patents fail to meet such requirements. Defendant's allegations in ¶ 9(e)-(h) do to provide grounds on which the claim rests.

In ¶ 9(i) Defendant alleges that "(i)n light of the prior art at the time the alleged inventions were made, the subject matter as claimed in each of the 573 Patent and/or the 064 Patent would have been obvious to a person skilled in the art to which the alleged inventions relates and, as such, does not constitute patentable inventions." This allegation fails to allege any

SUTTON HAGUE LAW
CORPORATION
6715 NORTH PALM AVE
SUITE 216
FRESNO, CA 93704

facts suggesting that the matter in the patents "would have been obvious" and as such they are not entitled to be assumed as true. *See O'Bryan v. Holy See*, 556 F.3d 361 (2009).

In ¶ 9(j) Defendant alleges that "(i)n light of the prior art at the time the alleged inventions were made, the subject matter as claimed in each of the 573 Patent and/or the 064 Patent were anticipated by the prior art and, as such, does not constitute patentable inventions." This allegation fails to allege any facts suggesting that the matter in the patents "does not constitute patentable inventions" and as such they are not entitled to be assumed as true. *See O'Bryan v. Holy See*, 556 F.3d 361 (2009).

In ¶ 9(k) Defendant alleges that "(t)he alleged invention or discovery was disclosed in a United States patent to another, the application for which was filed before the alleged inventions by the patentees of each of the 573 Patent and/or the 064 Patent." In ¶ 9(l) Defendant alleges that "(m)ore than one year prior to filing of the original applications which matured into the 573 Patent and/or the 064 Patent, the alleged inventions were patented or described in printed publications in this or in foreign countries, or were in public use, offered for sale, or on sale in this country." In ¶ 9(m) Defendant alleges that "(b)efore the alleged inventions or discovery by the patentees, the alleged inventions were known or used by others than the alleged inventors and were on sale in this country and were patented or described in printed publications in this or in foreign countries." Defendant fails to allege facts which would suggest that the matter in the subject patents could be found in patents or publications prior to the date of the 573 Patent or the 064 Patent and as such ¶ 9(k)-(m) need not be accepted as true. *See O'Bryan v. Holy See*, 556 F.3d 361 (2009).

In ¶ 9(n) Defendant alleges that "(i)f there be any inventions in the subject matter of the 573 Patent and/or the 064 Patent, which is denied, the patents nevertheless were not obtained in a manner consistent with the provisions of Title 35, United States Code." This allegation is simply a legal conclusion that the patents "were not obtained in a manner consistent with the provisions of Title 35, United States Code" without any facts which could support such a conclusion.

/ / /

/ / /

SUTTON HAGUE LAW
CORPORATION
6715 NORTH PALM AVE
SUITE 216
FRESNO, CA 93704

In ¶ 9(o) Defendant alleges that "(t)he alleged inventions were abandoned by the inventor(s) or their successor in title." However, no facts have been alleged suggesting that Plaintiff has at any time abandoned the patent.

In ¶ 9(p) Defendant alleges that "(e)ach of the 573 Patent and/or the 064 Patent are unenforceable under Title 35, United States Code, Section 185 by reason of a foreign counterpart application(s) having been filed in violation of Title 35, United States Code, Section 184; i.e., without having first obtained a license for such foreign filing(s)." No facts have been alleged which could support a finding that Plaintiff failed to comply with Title 35, U.S.C., Section 184.

Defendant has simply provided sixteen boilerplate conclusions without any alleging any factual basis. Defendant's mere legal conclusions are not entitled to be assumed as true. *O'Bryan v. Holy See*, 556 F.3d 361 (2009). This case is similar to *Realtime Data, LLC v. Stanley,* where the complaint made conclusory allegations of patent infringement but failed to specifically identify any products or services that were the source of the alleged infringement. *See* 721 F.Supp.2d 538, 543 (2010). The court held that the claimant's "boilerplate generalities and legal conclusions" were insufficient to state a claim. Defendant's Counterclaim fails to specifically identify any deficiencies in Plaintiff's patents. As with *Realtime Data, LLC v. Stanley*, Defendant's "boilerplate generalities and legal conclusions" are insufficient to state a claim. As such, Defendant's Counterclaim fails to meet the pleading requirements of F.R.C.P., Rule 8(a)(2) and should be dismissed.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

SUTTON HAGUE LAW
CORPORATION
6715 NORTH PALM AVE
SUITE 216
FRESNO, CA 93704

III.

**CONCLUSION**

Based on the foregoing, Plaintiff respectfully request that its Motion to Dismiss Defendant's Counterclaim be granted.

Date:  November 14, 2014

SUTTON HAGUE LAW CORPORATION
A Professional Corporation

By _____
       S. BRETT SUTTON
       Attorneys for Plaintiff/Counter-Defendants
       DEERPOINT GROUP, INC.

SUTTON HAGUE LAW
CORPORATION
6715 NORTH PALM AVE
SUITE 216
FRESNO, CA 93704