# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEERPOINT GROUP, INC., | Case No. 1:14-cv-01503-SAB |
| Plaintiff, | ORDER GRANTING DEERPOINT GROUP, INC.'S MOTION TO DISMISS ACQUA CONCEPTS, INC.'S COUNTERCLAIM AND VACATING DECEMBER 17, 2014 HEARING |
| v. | |
| ACQUA CONCEPTS, INC., et al., | |
| Defendants. | (ECF Nos. 14, 15, 16, 25, 26) |
| | FOURTEEN-DAY DEADLINE |

Currently before the Court is Deerpoint Group, Inc.'s motion to dismiss for failure to state a claim. The Court, having reviewed the record, finds this matter suitable for decision without oral argument. <u>See</u> Local Rule 230(g). Accordingly, the hearing set on December 17, 2014 will be vacated and the parties will not be required to appear at that time.

## I.

## PROCEDURAL HISTORY

Plaintiff Deerpoint Group, Inc. ("Deerpoint") filed the complaint in this action on September 25, 2014, against Defendants Acqua Concepts, Inc. ("Acqua"), Andres Barrera, and Eduardo Erenas alleging patent infringement, misappropriation of trade secrets, and breach of confidentiality agreements. On October 25, 2014, Acqua filed a counterclaim against Deerpoint seeking declaratory relief finding the patents to be invalid and non-infringement.

On November 14, 2014, Deerpoint filed a notice of motion to dismiss and memorandum

1

under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. On November 26, 2014, the parties consented to the jurisdiction of a Magistrate Judge. Acqua filed an opposition to the motion to dismiss on December 12, 2014, and Deerpoint filed a reply on December 9, 2014.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply. First, to be entitled to the presumption of truth the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, must plausibly suggest an entitlement to relief. Starr, 652 F.3d at 1216.

## III.

## DISCUSSION

Deerpoint moves to dismiss Acqua's counterclaim contending that it does not contain sufficient factual detail to meet the pleading requirements of Rule 8. Acqua counters that it need

not meet the pleading standard established by Twombly. Acqua contends that the cases cited by Deerpoint concern actions for direct or indirect patent infringement and they are not bringing such claims.

### A. To State a Claim, Plaintiff's Counterclaim Must Meet the Plausibility Pleading Standard

When the Supreme Court decided Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), they announced what is generally considered to be a new pleading standard. Simply stated the new pleading standard requires that the complaint must contain sufficient factual allegations for the court to determine that the plaintiff is entitled to relief. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). While Twombly dealt with an antitrust action, the Supreme Court clarified in Iqbal that the standard announced was based on the interpretation of Rule 8 and governs "all civil actions and proceedings in the United States district courts." Iqbal, 556 U.S. at 684.

While Acqua has not cited any legal authority to support the argument that the standard announced in Twombly does not apply to patent claims, the Court is aware that whether the standard applies in patent actions is an undecided issue. The cause of the confusion is that Rule 84 of the Federal Rule of Civil Procedure states that the forms in the Appendix suffice under the rules and illustrate the simplicity and brevity that the rules contemplate. The Appendix contains a sample complaint for patent infringement. Fed. R. Civ. P. Form 18. Since Iqbal was decided courts have struggled with whether patent cases are required to comply with the Twombly pleading standard, and the Ninth Circuit has never addressed the issue.

Courts that have considered the pleading standard to be applied in patent cases have come to different conclusions. See K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc., 714 F.3d 1277, 1285 (Fed. Cir. 2013) (Form 18 controls where there is a conflict between the form and Twombly); Microsoft Corporation v. Phoenix Solutions, Inc., 741 F.Supp.2d 1156 (C.D. Cal. 2010) (declaratory judgment claim of no direct infringement and invalidity of patent need not meet pleading standard of Twombly); Intermetro Industries Corp. v. Capsa Solutions, LLC, __ F.Supp.3d __, 2014 WL at 49196737, *4 (M.D. Penn. Sept. 30, 2014) (Twombly standard does not apply in patent cases); Virginia Innovation Sciences, Inc. v. Samsung Electronics Co.,

Ltd. 983 F.Supp.2d 700 (E.D. Vir. 2013) (Twombly standard does not apply to direct infringement claims, but does apply to indirect or willful infringement claims); Gradient Enterprises, Inc. v. Skype Technologies, S.A., 932 F.Supp.2d 447, 452 (W.D.N.Y. 2013) (finding Twombly standard does not apply to direct infringement claims, but does apply to indirect infringement claims); Tyco Fire Products LP v. Victaulic Co., 777 F.Supp.2d 893, 905 (E.D. Penn. 2011) (counterclaim must comply with Twombly pleading standard); Ingeniador, LLC v. Interwoven, 874 F.Supp.2d 56, 66-67 (D.P.R. 2012) (Twombly pleading standard applies to all infringement claims); Macronix Intern. Co., Ltd v. Spansion Inc. ("Macronix"), 4 F.Supp.3d 797, 803-4 (E.D. Vir. 2014) (same); see also Sony Corp. v. LG Electronics U.S.A., Inc., 768 F.Supp.2d 1058, 1064 (C.D. Cal. 2011) (generally courts deny motion to dismiss where complaint contains enough specificity to provide defendant with notice of the product or aspects of the products allegedly infringed); Rain Gutter Pros, LLC v. MGP Mfg., LLC, __ F.Supp.3d ___, 2014 WL 5439863 (W.D. Wash. Oct. 28, 2014) (applying plausibility standard in patent infringement action without discussion).

The Court agrees with those courts who recognize that the problem with the reasoning in cases that find Form 18 to be legally sufficient is that they accord no force to Twombly and Iqbal which set the pleading standard under Rule 8. Macronix, 4 Fed. Supp.3d at 801. The cases originally finding that Form 18 was controlling were based on the view that Twombly did not really change the pleading requirement of Rule 8. Macronix, at 801. While the Supreme Court stated that Twombly did not apply a "heightened" pleading standard, Twombly, 550 U.S. at 569 n.14, the Ninth Circuit and hundreds of district courts have read Twombly as at least appearing to announce a higher pleading standard to be applied in federal cases to measure whether a complaint states a claim, Starr, 652 F.3d at 1213; Macronix, at 801.[1] While this does not require detailed factual allegations, the pleading standard does require "sufficient allegations of

---

[1] This discussion and the use of the term "heightened pleading" applying to cases now under Iqbal and Twombly has created a great deal of confusion and jurisprudence in and of itself. The Court sees the analysis as simply the Supreme Court defining what Rule 8 required in terms of pleading one's complaint. This did not impose a "heightened pleading" standard such as found in the text of Rule 9 where matters involving fraud must be pled with particularity. The law around the so-called "heightened pleading" requirement is really a comparison of what the courts thought Rule 8 required and what is now required in light of Iqbal and Twombly.

underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr, 652 F.3d at 1216.

Further, the holding in Twombly did not announce a new procedural rule, but explained how to apply Rule 8. Rule 84 states forms in the Appendix suffice under the Federal Rules, but Form 18 was added in April 2007, prior to Twombly being decided. Fed. R. Civ. P. Form 18. As stated in Macronix:

> Rule 84 has been in effect since 1937. It was amended in 1946 and remained intact in that form from then until a stylistic amendment was made in 2007. Surely, the Supreme Court was aware of Rule 84 and the conclusory, talismanic language of the forms when it decided Twombly and Iqbal. Indeed, Conley itself had taken the view that the illustrative forms demonstrated what was sufficient to give notice of, and show the grounds for, the claim. Conley v. Gibson, 355 U.S. at 47, 78 S.Ct. 99. And, it was that view of what was sufficient under Rule 8(a) to accomplish the notice and showing requirements of the rule that Twombly rejected. It is neither logical nor reasonable to accept that the Supreme Court did not appreciate that the forms in the Appendix would not meet the standard for sufficiency set by Twombly and Iqbal. Having explained in those cases how to apply Rule 8(a), the rule that addresses when a complaint suffices, the Supreme Court had no need to also instruct that an insufficient form could no longer be used.

Macronix, 4 F.Supp.3d at 802-803.

While some courts have held that different standards apply to direct, indirect, and willful infringement claims, the better rule is to apply the plausibility standard to all patent claims. Ingeniador, LLC, 874 F.Supp.2d at 67. The Supreme Court made clear in Twombly that the required application of Rule 8 was necessary to assume that expensive litigation would not occur unless the plaintiff had made a plausible case in the complaint. Twombly, 550 U.S. at 558-59. That reasoning is no less persuasive in a patent action. This Court finds no logical reason to exempt patent actions from the plausibility requirements that apply to all other federal complaints. The Court finds that Acqua's counterclaim must meet the pleading standard addressed in Twombly. When Form 18 was added in 2007, they did not have the benefit of Rule 8's pleading requirement in light of Iqbal and Twombly.

Applying Rule 8's definition to this case, this means that to survive a motion to dismiss the claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-

79, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969. There are two requirements to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6): (1) while accepting factual allegations in the complaint as true, the court is not required to accept legal conclusions as true, and (2) the factual allegations must state a plausible claim for relief. Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011).

### B. Plaintiff's Counterclaim Alleges Only Conclusory Allegations Insufficient to State a Plausible Claim

In the counterclaim, Acqua sets forth sixteen reasons to invalidate the patent or find that there was no infringement. However, each paragraph only sets forth conclusory statements with no supporting factual allegations that are insufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678.

For example, Acqua contends that as shown by the file wrappers, during the prosecution of the application that related to 573 and 064 Patents, Deerpoint is estopped from claiming that the patents cover or include any apparatus or device or product or method manufactured, used, or sold by Ag Water Chemical. (Counterclaim ¶ 9(a), ECF No. 14.) Acqua further states that "the patentees did not invent the subject matter patented, nor did they make any invention or discovery –novel, original, or otherwise – within the meaning of United States Code, Title 35." (Id. at ¶ 9(b).) The counterclaim alleges that the "inventions were made by another in this country before the patentee's alleged inventions and such other person(s) had not abandoned, suppressed, or concealed them." (Id. at ¶ 9(c).) Review of the remainder of the counterclaim reveals that all the allegations are merely conclusory statements without any factual allegations to support them. Conclusory statements and recitation of the elements of a claim are not sufficient to state a cognizable claim. Iqbal, 556 U.S. at 678.

In the opposition, Acqua argues that since Deerpoint did not specifically address paragraphs ten and eleven this is fatal to the motion to dismiss. However, Deerpoint's motion to

dismiss clearly addresses that the entire counterclaim lacks plausibility. Further, paragraphs ten and eleven suffer from the same deficiencies as the remaining paragraphs in the counterclaim. In paragraph ten, Acqua claims that Deerpoint failed to assert its patents for three years and is guilty of laches, and paragraph eleven contends that the patents were misused and therefore are unenforceable. (ECF No. 14 at ¶¶ 10, 11.)

While detailed factual allegations are not required, such conclusory allegations without any facts alleged to support the claims are insufficient to state a plausible claim. Accordingly, Deerpoint's motion to dismiss shall be granted, and Acqua will be provided with an opportunity to file an amended counterclaim that meets the Twombly pleading standard.

Accordingly, IT IS HEREBY ORDERED that:

1. Deerpoint's motion to dismiss, filed November 14, 2014 is granted;
2. Acqua's counterclaim, filed October 25, 2014, is dismissed for failure to state a claim; and
3. If Acqua wishes to file a counterclaim, an amended counterclaim shall be filed within fourteen days from the date of service of this order.

IT IS SO ORDERED.

Dated:   **December 16, 2014**

UNITED STATES MAGISTRATE JUDGE

7