# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEERPOINT GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACQUA CONCEPTS, INC., et al., <br><br> Defendants. | Case No. 1:14-cv-01503-SAB <br><br> ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEY FEES <br><br> (ECF Nos. 59-62, 63-65, 66) |

Currently before the Court is Defendant Acqua Concepts Inc.'s motion for attorney fees following settlement of this action. The matter was found suitable for decision without oral argument and was taken under submission.

## I.

## PROCEDURAL HISTORY

On September 25, 2014, Plaintiff Deerpoint Group, Inc. filed the complaint in this action against Defendants Acqua Concepts, Inc., Andres Barrera, and Eduardo Erenas alleging patent infringement, misappropriation of trade secrets, and breach of confidentiality agreements.[1] On October 25, 2014, Acqua Concepts, Inc. filed a counterclaim against Deerpoint Group, Inc. seeking declaratory relief finding the patents to be invalid.

On October 6, 2015, Defendant Acqua Concepts filed a motion for partial summary judgment. On October 7, 2015, Plaintiff filed a motion to dismiss the complaint. Defendant Acqua Concepts filed a motion for summary judgment seeking declaratory relief on the

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge. (ECF Nos. 19, 20, 21.)

1

counterclaim.

On October 23, 2015, the parties filed a stipulation for dismissal due to settlement of the claims in this action. Defendant Acqua Concepts filed a motion for attorney fees on October 27, 2015. Plaintiff filed an opposition on November 10, 2015, and Defendant filed a reply on November 14, 2015.

## II.

## LEGAL STANDARD

Ordinarily under the "American Rule", each party to a lawsuit bears its own attorney fees. Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). An exception exists where a statute expressly authorizes an award of attorney fees to the prevailing party in a lawsuit. Behne v. Microtouch Systems, Inc., 58 F.Supp.2d 1096, 1098 (N.D. Cal. 1999).

The parties have stipulated to reasonable attorney fees pursuant to 35 U.S.C. § 285 which provides that the court may award reasonable attorney fees to the prevailing parties in exceptional cases of infringement of patent and other actions. Recently, the Supreme Court held "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749, 1756 (2014). The district court has discretion to determine if the case is exceptional in a case by case basis considering the totality of the circumstances. Octane Fitness, LLC, 134 S. Ct. at 1756.

Trial courts have broad discretion in determining the reasonableness of attorney fees. Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). The Ninth Circuit and California both utilize the "lodestar" approach for assessing reasonable attorneys' fees, where the number of hours reasonably expended is multiplied by a reasonable hourly rate. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013) (federal law); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) (federal law); Ketchum v. Moses, 24 Cal. 4th 1122, 1132 (2001) (California law). The court then may adjust the lodestar upward or downward based upon a variety of factors. Gonzalez, 729 F.3d at 1202.

In determining a reasonable fee, the Court takes into account the factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975): (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client and (12) awards in similar cases (hereinafter referred to as the "Kerr factors"). McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir. 1995). The district court may also make upward or downward adjustments to the lodestar based on consideration of the Kerr factors. Gates, 987 F.2d at 1402.

## III.

## DISCUSSION

The parties have settled this action; and Plaintiff Deerpoint Group has agreed to pay reasonable attorney fees to Defendant Acqua Concepts in an amount to be determined by the Court. Defendant Acqua Concepts is seeking $111,220.50 in attorney fees for defending the litigation. The parties have stipulated that this is an exceptional case entitling Acqua Concepts to attorney fees, so the Court need only determine if the requested fees are reasonable.

Defendant seeks attorney fees of $12,226.50 for 42.9 hours billed by Richard A. Ryan and $98,994 for 110.8 hours billed by Charles Doerksen, 136.35 hours billed by Travis Stokes, and 112.00 hours billed by Chad Snyder. In determining if the amount sought is reasonable, the Court applies the lodestar method.

**A.     Reasonable Hourly Rate**

The loadstar amount is to be determined based upon the prevailing market rate in the relevant community. Blum v. Stenson, 465 U.S. 886, 896 (1984). The "relevant legal community" for the purposes of the lodestar calculation is generally the forum in which the district court sits. Gonzalez, 729 F.3d at 1205. It is the moving party's burden to establish that requested rates are in line with those prevailing in the community for similar services by

1  attorneys of reasonably comparable skill, experience, and reputation. Jadwin v. County of Kern, 767 F.Supp.2d 1069, 1124 (E.D. Cal. 2011). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1110-11 (9th Cir. 2014) cert. denied sub nom. City of Los Angeles, Cal. v. Chaudhry, 135 S. Ct. 295, 190 L. Ed. 2d 141 (2014) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir.1990)). "Once a fee applicant presents such evidence, the opposing party 'has a burden of rebuttal that requires submission of evidence . . . challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits.' " Chaudhry, 751 F.3d at 1110-111 (quoting Camacho, 523 F.3d at 980).

Mr. Doerksen graduated from the University of British Columbia Faculty of Law in May of 1987 and has been practicing since 1988. (Decl. of Charles L. Doerksen ¶ 2, ECF No. 62.) Mr. Doerksen was a shareholder at Lang, Richert, and Patch from 1988 to January of 1997 when he began a solo practice. (Id.)  Since November of 2007 Mr. Doerksen has been a partner at Doerksen Taylor LLP. (Id.)  Mr. Doerksen has devoted his practice to business litigation. (Id.) Defendant seeks $315.00 per hour for the services of Mr. Doerksen in this action.

Richard Ryan has been licensed to practice law since 1991 and has been a registered patent attorney since 1995. (Dec. of Richard A. Ryan ¶ 1, ECF No. 61.)  Mr. Ryan practices in the area of patent, trademark, copyright, trade secret and intellectual property law. (Id.)  Mr. Ryan was retained to provide patent expertise to lead counsel in this action. (Id. at ¶ 2.) Defendant seeks $285.00 per hour for the services of Mr. Ryan in this action.

The only information included on Mr. Stokes is that he became a partner at Doerksen Taylor LLP in May 2015. (Id. at ¶ 7(e).)  Plaintiff seeks $275.00 per hour through April 2015 and $290.00 per hour after May 2015 for Mr. Stokes services in this action.

Defendant has provided no information on Mr. Snyder's qualifications and is seeking $225.00 per hour for his services.

While Defendant does not provide any information to justify the rates of Mr. Stokes or

Mr. Snyder, Plaintiff does not contest the hourly rates charged. (ECF No. 63 at 2.[2]) Hourly rates in the Fresno division for a competent experienced attorney range between $250.00 to $380.00 per hour. Verduzco v. Ford Motor Co., No. 1:13-cv-01437-LJO-BAM, 2015 WL 4131384, at *4 (E.D. Cal. July 9, 2015). Therefore, since Plaintiff does not contest the rates sought, the Court finds that $285.00 per hour for Mr. Ryan, $275.00 per hour for Mr. Doerksen, and $225.00 per hour for Mr. Snyder is reasonable compensation. The Court will award a blended rate of $282.50 for the services of Mr. Stokes due to the request for two different rates during the pendency of this action.

**B.     Reasonable Number of Hours**

After determining the reasonable hourly rate for the time sought, the Court next considers whether the number of hours are reasonable. Defendant seeks 42.9 hours billed by Richard A. Ryan, 110.8 hours billed by Charles Doerksen, 136.35 hours billed by Travis Stokes, and 112.00 hours billed by Chad Snyder. Plaintiff contends that a large portion of the fees billed were unreasonable and unnecessary as they were billed after Plaintiff notified Defendant that it would dismiss claims in this action.

1.     <u>Defendant's Motion for Partial Summary Judgment</u>

Plaintiff states that Defendant spent almost 160 hours preparing a motion for summary judgment that was filed on October 6, 2015. Plaintiff contends that this motion was premature as the deadline to file dispositive motions was not until May 20, 2016.[3] Plaintiff also argues that the amount of time spent on this motion was excessive and it was unreasonable to prepare the motion. Plaintiff states that Defendant began preparing this motion on the date that Plaintiff informed counsel that they would be filing an amended complaint dismissing the first cause of action. Plaintiff takes the position that it was frivolous for Defendant to prepare the motion for

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

[3] The Court notes that the moving papers state May 20, 2015, however this appears to be a typographical error.

summary judgement and the motion was prepared solely to "rack up" additional legal fees.[4]

Defendant counters that the time spent on the motion for summary judgment was necessary because Plaintiff refused to dismiss the first cause of action with prejudice. Defendant argues that Plaintiff did not file their motion to dismiss the complaint until after the first motion for summary judgment was filed. Additionally, Defendant contends that since Plaintiff refused to dismiss all claims with prejudice they were entitled to seek the requested declaratory relief.

Plaintiff has submitted a declaration of counsel stating that on September 3, 2015, defense counsel was informed that Plaintiff intended to dismiss the first cause of action and Defendant was provided with a first amended complaint and a stipulation to dismiss the first cause of action. (Decl. of Shawn VanWagenen ¶ 2, ECF No. 64.) Defendant's billing records show that on this date counsel received the e-mail and reviewed the amended complaint. (ECF No. 62-2 at 6.) On September 24, 2015, Defendant was informed that Plaintiff intended to dismiss both the first and second cause of action. (Id. at ¶ 3.) Defendant replies that no motion to amend was ever filed.

On October 6, 2015, Defendant filed the motion for partial summary judgement seeking summary adjudication of the first and second causes of action. (ECF No. 42.) Plaintiff objects to hours spent preparing this motion for summary judgment. Review of the time records show that Defendant first billed for hours analyzing a potential motion for summary judgment on September 3, 2015. (ECF No. 62-2 at 6.) The same date that Plaintiff indicated they wanted to dismiss the first cause of action and file an amended complaint. (ECF No. 64 at ¶ 2.) However, rather than agreeing to have the amended complaint filed, Defendant did not respond to the request and proceeded to prepare a motion for summary judgment addressing both cause of action one and two.

The Court finds that Defendant unnecessarily prepared and filed the motion for summary judgment on claim one. The Court finds no merit to Defendant's argument that a motion for summary judgment was necessary since Plaintiff had not indicated that the dismissal would be

---

[4] The Court finds no merit to Plaintiff's argument that the motion was premature or frivolous. While the motion was filed prior to the dispositive motion deadline, if successful Defendant would have saved additional costs of continuing to litigate the action.

1 with prejudice. Defendant filed a summary judgment motion seeking declaratory relief on the
2 counterclaim and the motion for summary judgment on the complaint was therefore unnecessary.
3 Defendant's motion for partial summary judgment sought adjudication of the first cause of
4 action, the 573 patent, and the second cause of action, the 064 patent. (ECF No. 42.) Review of
5 the motion shows that the motion addressed the 573 slightly more than the 064 patent, however
6 the Court considers that research on the issues would be similar. Therefore, the Court shall find
7 that the time spent on the motion for partial summary judgment should be reduced by half to
8 account for the time spent in unnecessarily preparing the motion for summary judgment on the
9 claim with Plaintiff had indicated would be dismissed. The Court shall make the following
10 reductions to account for time spent in preparing the motion for partial summary judgment which
11 the Court finds to be unreasonable:

| Date | Reduction | Attorney |
| --- | --- | --- |
| September 4, 2015 | .65 hours | CLD |
| September 4, 2015 | 3.60 hours | CTS |
| September 8, 2015 | .85 hours | CLD |
| September 8, 2015 | 3.35 hours | CTS |
| September 9, 2015 | 3.60 hours | CTS |
| September 10, 2015 | 2.85 hours | CTS |
| September 11, 2015 | 1.90 hours | CTS |
| September 11, 2015 | .30 hours | TRS |
| September 14, 2015 | 1.45 hours | CLD |
| September 15, 2015 | 2.95 hours | CLD |
| September 15, 2015 | .40 hours | TRS |
| September 16, 2015 | 2.25 hours | CLD |
| September 16, 2015 | .70 hours | CTS |
| September 17, 2015 | 3.60 hours | CLD |

| September 17, 2015 | 1.20 hours | CTS |
| --- | --- | --- |
| September 18, 2015 | .30 hours | CTS |
| September 21, 2015 | 2.50 hours | CLD |
| September 21, 2015 | .40 hours | CLD |
| September 22, 2015 | 2.90 hours | CTS |
| September 25, 2015 | 1.40 hours | CTS |
| September 28, 2015 | .15 hours | CLD |
| September 28, 2015 | .70 hours | TRS |
| September 29, 2015 | .90 hours | TRS |
| September 29, 2015 | .25 hours | CTS |
| September 30, 2015 | .95 hours | CLD |
| September 30, 2015 | 1.05 hours | CTS |
| October 1, 2015 | 1.40 hours | CLD |
| October 1, 2015 | 2.45 hours | CTS |
| October 2, 2015 | .20 hours | CTS |
| October 5, 2015 | .20 | CTS |
| October 6, 2015 | .80 hours | CLD |

Accordingly, the time spent on preparing Defendant's motion for partial summary judgment shall be reduced by a total of 46.2 hours (17.95 hours for Charles Doerksen; 25.95 hours for Chad Snyder; and 2.3 hours for Travis Stokes).

2. <u>Defendant's Counterclaim</u>

Plaintiff also argues that Defendant should not be able to receive fees for preparing a defective counterclaim and then unsuccessfully defending Plaintiff's motion to dismiss. Defendant argues that since a successful result was obtained it is entitled to all reasonable attorney fees.

In this instance, Defendant filed a counter claim on October 25, 2014. (ECF No. 154.) Plaintiff moved to dismiss the counter claim for failure to state a claim and the Court granted the

8

motion on December 16, 2014, finding that Defendant merely set forth conclusory allegations that were insufficient to state a claim for relief.  (ECF Nos. 15, 28.)  Plaintiff argues that requiring Plaintiff to reimburse Defendant for opposing the motion to dismiss would be punishing Plaintiff for prevailing on the motion.  (ECF No. 63 at 3.)

Plaintiff relies on Hensley, which stated that "[t]he congressional intent to limit awards to prevailing parties requires that [] unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim."  461 U.S. at 435.  It is true that a prevailing litigant is not entitled to receive attorney fees for unsuccessful claims that are unrelated to the claims on which the party prevailed.  O'Neal v. City of Seattle, 66 F.3d 1064, 1068-69 (9th Cir. 1995).

However, the Ninth Circuit has held that "a [party] who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage."  Cabrales v. Cty. of Los Angeles, 935 F.2d 1050, 1053 (9th Cir. 1991).  Therefore, "time spent unsuccessfully opposing motions or requests on the way to prevailing in a case may be compensable."  Pierce v. Cty. of Orange, 905 F. Supp. 2d 1017, 1032 (C.D. Cal. 2012).

Here, Defendant filed a counterclaim to receive a declaratory judgment that Defendant had not infringed on a patent.  This claim was clearly related to the underlying claims brought by Plaintiff.  The general rule is that a prevailing party is to be compensated for attorney's fees that contribute to the ultimate victory in the lawsuit.  Cabrales, 935 F.2d at 1053.  The Court does not find that the claims raised in the counterclaim did not contribute to the ultimate victory in this action.  Therefore, the attorney fees for opposing the motion to dismiss the counterclaim were reasonably incurred in defending this action.

        3.    <u>Defendant's Motion for Summary Judgment on Counterclaim</u>

Plaintiff also contends that Defendant continued to incur unnecessary expenses after Plaintiff agreed to dismiss both the first and second causes of action.  Defendant argues that it was necessary to file the second motion for summary judgment because Plaintiff had not agreed to dismiss the second cause of action with prejudice and therefore could have filed another

9

action.

On September 24, 2015, Plaintiff's counsel sent an e-mail informing Defendant that Plaintiff intended to dismiss both the first and second causes of action. (ECF No. 64 at ¶ 3.) The billing records show that Mr. Doerksen reviewed Plaintiff's offer on that date. (ECF No. 62-2 at 8.) Defendant argues that even though Plaintiff agreed to dismiss the infringement claims, they needed to file the motion for declaratory relief to avoid another complaint being filed for misappropriation of trade secrets and breach of contract. However, neither the misappropriation of trade secret nor breach of contract claims were raised in the motion for summary judgement. Further, the motion for summary judgment acknowledges that Plaintiff has agreed to dismiss the patent infringement claims with prejudice and is therefore estopped from asserting the patent infringement claims as a matter of law. (ECF No. 51 at 8.)

The Court finds that the time spent in preparing the second motion for summary judgment was unreasonable for the following reasons. While Defendant may reasonably have researched the issue of whether the claims would survive the motion to dismiss, at the time that Defendant began working on the second motion for summary judgment, Plaintiff had agreed to dismiss both causes of action. Even if the parties were still discussing whether both claims would be dismissed without prejudice, the dispositive motion deadline in this action was May 20, 2016. Given that the parties were seriously engaged in settlement discussions at the time that Defendant began working on the motion, there would have been ample opportunity to file a motion for declaratory judgment had such discussions not resolved in settlement of the action. Finally, the notice of settlement was signed the same date that Defendant filed the motion for summary judgment further supporting Plaintiff's position that Defendant prepared the motion after the parties had agreed to settle the action.

The Court finds that any time expended on the motion dismiss after the parties exchanged correspondence regarding settlement on October 7, 2015 was unreasonably expended and such time shall be excluded. Therefore, the following deductions shall be made from the hours requested:

| Date | Reduction | Attorney |
| --- | --- | --- |
| October 8, 2015 | 1.90 hours | CLD |
| October 8, 2015 | 4.30 hours | CTS |
| October 9, 2015 | 2.7 hours | CTS |
| October 12, 2015 | 1.10 hours | CTS |
| October 13, 2015 | 2.50 hours | CLD |
| October 13, 2015 | 2.20 hours | CTS |
| October 15, 2015 | .50 hours | CLD |
| October 16, 2015 | .40 hours | CLD |

Accordingly, the time spent on preparing Defendant's motion for partial summary judgment shall be reduced by a total of 15.60 hours (5.30 hours for Charles Doerksen and 10.30 hours for Chad Snyder).

4.    Excessive, Redundant, or Unnecessary Hours

The Court has considered Plaintiff's additional arguments that the requested hours should be further reduced. Defendant has submitted a declaration stating that the time billed includes only those hours which relate to the patent and non-infringement claims. (ECF No. 62 at ¶ 7(c).) No further deductions shall be made for this reason. Further, Plaintiff challenges Plaintiff's litigation strategy and the amount of time spent on this action without pointing to specific time entries that are alleged to be excessive. However, the Ninth Circuit has directed that "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case. "Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008). The Court finds that the requested hours are reasonable with the exception of those identified above.

5.    Conclusion

Defendant is entitled to an award of attorney fees in the amount of $91,215.63 calculated as follows.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Mr. Doerksen | 87.55 | $275.00 | $24,076.25 |
| Mr. Ryan | 42.9 | $285.00 | $12,226.50 |
| Mr. Snyder | 75.75 | $225.00 | $17,043.75 |
| Mr. Stokes | 134.05 | $282.50 | $37,869.13 |

### III

### ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion for attorney fees is GRANTED in the amount of $91,215.63;

2. All pending motions are terminated;

3. The complaint and counterclaim are DISMISSED WITH PREJUDICE; and

4. The Clerk of the Court is DIRECTED to close this action.

IT IS SO ORDERED.

Dated: __**December 2, 2015**__

UNITED STATES MAGISTRATE JUDGE